IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NENNET AKAY SESCEY, | : | |
|    *Plaintiff,* | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 21- 3355 |
| | : | |
| WALMART, ONN UNIT, | : | |
|    *Defendant.* | : | |

**PAPPERT, J.**                                                                        **November 19, 2021**

**<u>MEMORANDUM</u>**

*Pro se* Plaintiff Nennet Akay Sescey[1] filed this lawsuit against "Walmart/Onn Unit"[2] for violations of her "civil rights and human rights and womens [sic] rights" as well as for "wiretap fraud/surveillance fraud[.]" (ECF 1 at 2.)[3] For the following reasons, Sescey's federal claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and her state law claims are dismissed for lack of jurisdiction without prejudice to her right to proceed in the appropriate state court.

I[4]

In July 2020, Sescey purchased an Onn television at Walmart in Glenolden,

---

[1] Because it appears Sescey is unable to afford to pay the filing fee, the Court will grant her Motion to Proceed *In Forma Pauperis*. (ECF 7.)

[2] Walmart is a discount retailer operating "approximately 10,500 stores and clubs in 24 countries[.]" *See* https://corporate.walmart.com/our-story/our-business (last visited Nov. 1, 2021). "Onn" is a "private-label brand[] in the electronics industry" that manufactures electronics sold exclusively at Walmart including televisions, tablets, and other streaming devices. *See* https://www.consumerreports.org/tvs/should-you-buy-walmart-onn-tvs-a1103076954/ (last visited Nov. 1, 2021). It is unclear whether Sescey seeks to sue two separate defendants or just one. Throughout this Memorandum, the Court refers to Walmart and Onn Unit as separate defendants.

[3] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[4] The facts set forth in this Memorandum are taken from Sescey's Complaint (ECF 1).

Pennsylvania, and in March 2021 she bought a second Onn television at a Springfield, Pennsylvania Walmart. (*Id.* at 3.) Since then, she "noticed that these tvs have a wire tap and illegal surveillance installed in them." (*Id.*) Sescey, who is a former entertainer and former exotic dancer, believes this "program was put together to wire tap [her] and put [her] under illegal surveillance as a way to extort [her] and make [her] apartment into some type of production studio without [her] consent." (*d.* at 4.) Sescey alleges she and her children are the only "victims of this in [her] unit" and notes her belief that this is a "manufacturer error[.]" (*Id.* at 3.) She claims this has "[a]ffected her life tremendously" and seeks "the highest compensation for this[,]" but maintains she will "continue to use these devices until [she] receive[s] [her] compensation from this settlement." (*Id.*)

II

Because Sescey is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss her Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v.*

*United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Sescey is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

### III

Sescey's allegations do not rely on a specific statute.  She indicated on her form Complaint that the basis for the Court's jurisdiction is "Federal Questions" and asserts broadly that her civil rights were violated by way of the alleged illegal wiretap/fraud/surveillance.  (ECF 1 at 2.)  Construing her Complaint liberally, Sescey alleges: (1) a possible Fourth Amendment claim regarding alleged wiretaps and surveillance; and (2) a claim for emotional distress.

### A

Generally, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  To state a claim for a violation of her Fourth Amendment rights under 42 U.S.C. § 1983[5], Sescey "must allege the violation of a right

---

[5] Even liberally construed, the Court does not understand Sescey's Complaint to suggest any other source of authority for the exercise of federal question jurisdiction beyond § 1983.

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). To act under color of state law a defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

"The Fourth Amendment protects citizens against government misconduct, those who exercise the power of the state. It does not[, however,] create liability on the part of any person or entity not exercising governmental power." *See Sheriff v. Wireless*, No. 18-5057, 2018 WL 6725390, at *2 (E.D. Pa. Dec. 21, 2018). Based on the Complaint's allegations, Walmart and Onn Unit are not subject to Section 1983 liability because they are a private discount retailer and its in-house electronics brand and are not state actors. "Private conduct is generally beyond the reach of § 1983." *Rodriguez v. Shoprite Supermarket*, No. 19-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (concluding plaintiff failed to allege state action on the part of a private supermarket and several of its employees); *see also Belcher v. Wal-Mart Stores, Inc.*, No. 20-0194, 2020 WL 5606894, at *2 (D. Alaska Sept. 18, 2020) (finding plaintiff failed to state a viable Section 1983 claim because "Walmart is a private party; [and] it does not act with the virtue or authority of state law, and therefore, it is not a state actor."); *Fletcher*

4

*v. Walmart Stores, Inc.*, No. 15-1859, 2006 WL 2521187, at *4 (S.D.N.Y. Aug. 28, 2006) (recognizing Walmart and several of its employees, including its private security guard, were not state actors and were not acting under color of law). Sescey does not allege Walmart or the Onn Unit had any connection to a state, county or local governmental entity and none of her allegations suggest that either was operating as anything other than a retailer or electronics manufacturer. None of her allegations support an inference that there is a "close nexus" between the private business conduct of Walmart or the Onn Unit and the state itself such that the challenged action can fairly be treated as that of the state. *See Leshko*, 423 F.3d at 339.

Because the Complaint fails to state a plausible Section 1983 claim against Walmart or Onn Unit, Sescey's federal claims against them are dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Because any amendment would be futile, Sescey will not be granted leave amend her federal claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B

Having dismissed Sescey's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

The only independent basis for jurisdiction over such claims is 28 U.S.C. § 1332, which provides the Court with subject-matter jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some

other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. . . . And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli*, 592 F.3d at 419 (citations omitted). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Sescey does not adequately allege the citizenship of any party. With respect to her own citizenship, Sescey only alleges that she is a United States citizen (*see* ECF 1 at 3), but she does not set forth the state where she is domiciled as required for diversity jurisdiction. With respect to the citizenship of Walmart or the Onn Unit, Sescey's Complaint is silent.[6] She has not met her burden of demonstrating the Court's subject matter jurisdiction over any purported state law claims and they are dismissed without prejudice to her right to assert them in an appropriate state court. *See Lincoln Ben. Life Co.*, 800 F.3d at 105.

---

[6] Sescey provided a Pennsylvania address as her address of record, but that is not a sufficient allegation to allow the Court to determine her citizenship for purposes of diversity. Sescey provided an address for Walmart and Onn Unit in Bentonville, Arkansas, but again that is not a sufficient allegation from which the Court can determine citizenship for purposes of diversity.

An appropriate Order follows.

                                                  BY THE COURT:

                                               ***/s/ Gerald J. Pappert***
                                               GERALD J. PAPPERT, J.